**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WARREN PARKER | : | |
| | : | |
| Appellant | : | No. 774 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 8, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004766-2018

BEFORE: OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.: **FILED DECEMBER 20, 2019**

Appellant, Warren Parker, appeals from the judgment of sentence entered on April 8, 2019, following his jury trial convictions for possession with intent to deliver heroin and criminal use of a communication facility.[1] We affirm.

The trial court summarized the facts and procedural history of this case as follows:

> On January 4, 2018, Officer Andrew Mease, of the Lancaster City Bureau of Police Selective Enforcement Unit, worked with Officer Adam Flurry, Officer Jason Hagy[,] and a confidential informant ("CI") to set up a drug buy from [Appellant]. At that time, Officer Mease was working undercover. The CI informed Officer [Mease] that they could "purchase a quantity of heroin from someone they knew as Warren." The CI then made a phone call after which they directed Officer Mease to the 400 block of Howard Avenue. Once

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 Pa.C.S.A. § 780-113(a)(30) and 18 Pa.C.S.A. § 7512, respectively.

parked, the CI then made a second call to "Warren" to tell him that they had arrived. Officer Mease gave the CI $60[.00] in pre-documented currency. The CI exited the vehicle and walked east 25 to 30 yards and onto the porch of [a residence on] Howard Avenue. Although partially blocked by blinds, Officer Mease had a full view of a man exiting the home and then walking down the front steps toward Officer Mease's parked vehicle with the CI. At the time, Office[r] Mease was clearly able to see the man, who he later identified as [Appellant]. When [Appellant] and the CI reached the vehicle, the CI entered the car and [Appellant] continued walking down Howard Avenue toward Duke Street. The CI then gave Officer Mease the heroin he had purchased from [Appellant]. Officer Mease and the CI returned to the station, where the CI was search[ed]. Officer Mease relinquished the purchased drugs to the surveillance officer and found and identified a picture of [Appellant]. [Appellant] was later arrested and charged with [the aforementioned offenses].

A jury trial began on January 22, 2019. After two days, the jury returned a guilty verdict on both counts. [The trial court] ordered a presentence investigation report, which was [prepared], and sentencing occurred on April 8, 2019. At that time, [the trial court] sentenced [Appellant] to [an aggregate] total of [three] to [eight] years['] incarceration. [Appellant] subsequently filed this timely appeal.

Trial Court Opinion, 7/29/2019, at 1-2 (record citations omitted).

On appeal, Appellant presents the following issue[2] for our review:

Did the trial court err in allowing the jury to consider the charge of criminal use of a communication facility when there had not been any evidence linking the phone number to [Appellant]?

_____

[2] Appellant presented the trial court with a second appellate issue regarding objections to evidence obtained by the confidential informant. However, he has abandoned that issue on appeal and we find it waived. *Commonwealth v. Dunphy*, 20 A.3d 1215, 1218 (Pa. Super. 2011) (issues raised in Pa.R.A.P. 1925 concise statement that are not developed in appellate brief are abandoned); *see also Commonwealth v. Woodward*, 129 A.3d 480, 509 (Pa. 2015) (holding that "where an appellate brief fails to … develop an issue in any [] meaningful fashion capable of review, that claim is waived[]").

Appellant's Brief at 5.

Appellant "contends that the evidence was insufficient to support his conviction for the criminal use of a communication facility because the Commonwealth failed to provide any evidence connecting [Appellant] to the [tele]phone number that allegedly coordinated the time and location of the [drug] exchange with the CI." *Id.* at 9. More specifically, Appellant argues:

> The Commonwealth did not introduce any evidence that the communication device that was used to set up the drug transaction was [Appellant's] phone. The Commonwealth could have easily subpoenaed [tele]phone records for the [tele]phone in question to ascertain [to] whom that [tele]phone belonged[.] The Commonwealth did not show that the person who was texting the [CI] was [Appellant].

*Id.* at 11.

We adhere to the following standard when considering whether the evidence was sufficient to sustain a conviction:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt. Additionally, it is not the role of an appellate court to weigh the evidence or to substitute our judgment for that of the fact finder.

*Commonwealth v. Moss*, 852 A.2d 374, 381 (Pa. Super. 2004) (citations omitted).

Criminal use of communication facility is statutorily defined as follows:

### § 7512. Criminal use of communication facility

(a) Offense defined.—A person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any

crime which constitutes a felony under this title or under the act of April 14, 1972 (P.L. 233, No. 64), known as the Controlled Substance, Drug, Device and Cosmetic Act. Every instance where the communication facility is utilized constitutes a separate offense under this section.

18 Pa.C.S.A. § 7512.

We previously determined that

the Commonwealth must prove beyond a reasonable doubt that: (1) Appellant[] knowingly and intentionally used a communication facility; (2) Appellant[] knowingly, intentionally or recklessly facilitated an underlying felony; and (3) the underlying felony occurred. The law of our Commonwealth compels this result. Facilitation has been defined as any use of a communication facility that makes easier the commission of the underlying felony. If the underlying felony never occurs, then Appellant[ has] facilitated nothing and cannot be convicted under § 7512.

*Moss*, 852 A.2d at 382.

Here, there is no dispute, and Appellant does not challenge, that the underlying felony drug delivery occurred. Instead, Appellant maintains that the Commonwealth failed to present sufficient evidence that Appellant was the person who used the communication facility to facilitate that felony. To support this claim, Appellant suggests that the Commonwealth was required to show that the cellular telephone used to communicate with the CI "belonged" to Appellant and that subpoenaed telephone records should have been produced at trial to substantiate that fact. Appellant, however, has not provided this Court with legal authority for this proposition and our independent research has not revealed such a requirement. Indeed, we have previously determined "that authentication of electronic communications, like documents, requires more than mere confirmation that the number or address

belonged to a particular person. Circumstantial evidence, which tends to corroborate the identity of the sender, is required."[3] **Commonwealth v. Koch**, 39 A.3d 996, 1005 (Pa. Super. 2011); **see also Moss**, 852 A.2d at 384 (police witnessing CI's telephone conversation facilitating a controlled drug transaction, later corroborated when police witnessed CI engaging in a narcotics transaction at an agreed upon time and location, was sufficient to support conviction under § 7512).

Here, the CI informed the police that they could purchase heroin from Appellant. The CI made telephone calls and directed police to a residence on Howard Avenue at a specific time. The police witnessed an interaction between Appellant and the CI, at the time and place designated by telephone, and later confirmed that a narcotic transaction occurred. Because the police were able to corroborate that Appellant acted in conformity with communications in which the CI engaged, the Commonwealth presented sufficient circumstantial evidence to support Appellant's conviction for criminal

---

[3] Obviously, even if a telephone or other communication device is registered to a particular individual, someone other than that individual could be using the device. Moreover, a cellular telephone may be pre-paid and purchased anonymously with cash without registering it to an individual. Thus, circumstantial evidence regarding the sender of communications is required. Here, actions in response to the CI's telephone calls is more probative of Appellant's use of a telephone to arrange a drug buy than his ownership of the device. Accordingly, Appellant's claim pertaining to the ownership of the telephone at issue fails.

use of a communication facility.  Accordingly, Appellant's sole appellate issue fails.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/20/2019